# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRAVIS DEON DIXON, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:08CV312 |
| ) | 1:05CR173-1 |
| Respondent. ) | |

Petitioner Travis Deon Dixon, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 31).[1] Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (docket nos. 1, 9, 10). Petitioner was sentenced to 120 months of imprisonment (docket no. 15). Following an unsuccessful direct appeal (docket nos. 29, 30), Petitioner filed his section 2255 motion. Respondent has filed a response (docket no. 42), and the matter is now before the court for a ruling on Petitioner's motion.

## DISCUSSION

Claim One

Petitioner raises three possible claims for relief in his motion. The first claim asserts that the sentencing judge erred by relying on a sentencing enhancement under U.S.S.G. § 2K2.1(b)(5) that was not a part of the factual basis supporting

---

[1] This and all further cites to the record are to the criminal case.

Petitioner's guilty plea and that was not included in the plea agreement. He adds that his attorney provided ineffective assistance of counsel by failing to object to the use of the enhancement.

The enhancement to which Petitioner refers is set out in paragraph 14 of the Presentence Report (PSR). Petitioner's Guidelines range was increased by four levels under U.S.S.G. § 2K2.1(b)(5) because he possessed a firearm in connection with another felony offense, i.e., drug trafficking. As Respondent points out, sentencing enhancements under the Guidelines do not have to be alleged in the indictment, made part of the factual basis or plea agreement, or proven beyond a reasonable doubt because the Guidelines are advisory in nature. *United States v. Booker*, 543 U.S. 220 (2005). The enhancements to which Petitioner is referring were included as relevant conduct to his offense of conviction. The law regarding relevant conduct was not changed by *Booker* except that the Guidelines range calculated using relevant conduct is advisory, rather than mandatory. *See United States v. Hughes*, 401 F.3d 540, 560 (4th Cir. 2005). Therefore, no error occurred.

As for the failure of Petitioner's attorney to object to the enhancements, Petitioner would need to establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must

show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Here, Petitioner can meet neither prong of the *Strickland* test. For the reasons set out above, any objection that counsel made claiming that the enhancement was not properly alleged, put into the factual basis, or proven by Respondent would have failed. Therefore, counsel did not commit error or prejudice Petitioner by failing to object on that basis.[2] Petitioner's first claim for relief should be denied.

Claim Two

Petitioner argues in his second claim that his attorney failed him by not objecting to "double counting" through the application of the four-level enhancement in U.S.S.G. § 2K2.1(b)(5). Petitioner's argument on this claim is circular and very difficult to follow. To some extent, Petitioner appears to be making a general argument that the enhancement should not apply or was not supported by the facts of the case. This point was already raised and argued on direct appeal. *United States v. Dixon*, 224 Fed. Appx. 264, 268 (4th Cir.), *cert. denied*, ___ U.S. ___, 128 S.Ct. 261 (2007). The Fourth Circuit affirmed the four-level increase based on section 2K2.1(b)(5). *Id.* Petitioner also mixes in arguments related to his sentence being increased based on two prior felony convictions for crimes of violence or drug

---

[2] It should be noted that counsel did object to the enhancement and argue the objection, albeit on different grounds than Petitioner now advances. Counsel simply lost the objection (docket no. 24 at 5-8).

offenses. Again, this enhancement was challenged unsuccessfully on appeal. *Id.* at 266-67. Petitioner cannot now relitigate these points in his section 2255 motion. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976).

As for Petitioner's contention that the enhancement constituted "double counting," it is quite unclear. Perhaps he believes that his prior felony convictions were used for the section 2K2.1(b)(5) enhancement. If so, this is incorrect. That enhancement was based on felonious conduct (drug dealing) that was occurring at the same time as the instant offense (PSR ¶ 14; docket no. 24 at 5-8). That conduct was counted only once. Petitioner's second claim for relief should be denied.

Claim Three

Petitioner's third claim for relief contends that Respondent breached its plea agreement by arguing in support of two sentencing enhancements related to his possession of the firearm (*see* PSR ¶¶ 13, 14.) He also faults counsel for failing to object to this alleged breach of the plea agreement. Again, his claim fails. The record clearly shows that Respondent did not breach the plea agreement. Not only did that agreement not prohibit Respondent from seeking sentencing enhancements, it specifically allowed Respondent to raise any facts relevant to sentencing (docket no. 9, ¶ 6). Respondent did nothing more than this in arguing for the application of the enhancements. As with Petitioner's first claim for relief, Petitioner's attorney had no grounds for a successful objection. He did not provide ineffective assistance of

counsel or harm Petitioner in any way by failing to object to Respondent's support of the enhancements. Petitioner's third claim for relief should also be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 31) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
February 9, 2009